# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ALICIA COULTER, <br><br> Plaintiff, <br><br> v. <br><br> JOUSHA DYLAN GOMEZ, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:25-cv-00414-DBB-JCB** <br><br> **District Judge David Barlow** <br><br> **Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff Alicia Coulter ("Ms. Coulter") filed this civil rights case against Defendants Joshua Dylan Gomez, Ronald Daryle Gee, Byron Thomas Goree, and Erving Altamirano Alfonso (collectively, "Defendants").[2] Ms. Coulter alleges that Defendants committed "aggravated assault & battery [with] bodily injuries" "under color of law" and committed a "Melicious [sic] Hate Crime."[3] As for injuries, Ms. Coulter alleges that she endured "physical injuries," including a "[b]usted lip with visible blood," a chipped tooth, and a "torn arm ligament."[4] Additionally, Ms. Coulter alleges that she received "medical treatment" for her injuries, "including counseling."[5] Based on those conclusory allegations, Ms. Coulter asserts

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 7.

[2] ECF No. 1.

[3] *Id*. at 4-5.

[4] *Id*. at 5.

[5] *Id*.

claims against Defendants under 42 U.S.C. § 1983 for: (1) violations of the Fourteenth Amendment; (2) violations of the Fifth Amendment; (3) a "color of law violation" for a "Hate-Crime"; and (4) a "color of law" violation for "Negligence aquative [sic] medical attention."[6] In her request for relief, Ms. Coulter seeks $850,000.00 in damages and an "[i]njuction [sic]" requiring "referral for criminal charges on the correct [Defendants]."[7]

Ms. Coulter alleges that Defendants are all residents of Oklahoma.[8] Additionally, in the portion of her complaint devoted to describing where the events underlying her claims occurred, Ms. Coulter alleges that they took place in Oklahoma.[9]

At the same time she filed her complaint, Ms. Coulter moved to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[10] The court temporarily granted that motion.[11] Accordingly, the court reviews the sufficiency of Ms. Coulter's complaint under the authority of the IFP Statute.

## ANALYSIS

For the reasons explained below, Ms. Coulter's complaint fails to: (I) state claims upon which relief can be granted because it fails to satisfy minimum pleading standards; and (II) demonstrate that venue is proper in this court. However, instead of recommending dismissal

---

[6] *Id.* at 3.

[7] *Id.* at 5.

[8] *Id.* at 2-3.

[9] *Id.* at 4.

[10] ECF No. 2.

[11] ECF No. 5.

of this case on those bases, the court (III) provides Ms. Coulter with an opportunity to amend her complaint. Each issue is addressed in turn.

I.    **Ms. Coulter's Complaint Fails to State Claims Upon Which Relief Can Be Granted.**

Ms. Coulter's complaint fails to state claims upon which relief can be granted because it does not satisfy minimum pleading standards. Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[12] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[13] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[14] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[15]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[16] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a

---

[12] 28 U.S.C. § 1915(e)(2)(B)(ii).

[13] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[14] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[16] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[19] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[20] To comply with Rule 8,

> a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and . . . what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.[21]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[22] Indeed, "'[d]ismissal of a pro se complaint for failure to state a

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[18] *Id.*

[19] *Twombly*, 550 U.S. at 555.

[20] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[21] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018).

[22] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se]

claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'"[23]

In analyzing Ms. Coulter's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[24] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[25] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[26] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[27]

Ms. Coulter's complaint falls well short of satisfying the minimum pleading standards outlined above. Specifically, her complaint fails to include any well-pleaded allegations

---

plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[23] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[24] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[25] *Id.*

[26] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[27] *Hall*, 935 F.2d at 1110 (citation modified).

explaining any facts underlying her claims. Instead, it includes only conclusory allegations. Thus, Ms. Coulter's complaint fails to state claims upon which relief can be granted. But Ms. Coulter might make sufficient factual allegations to save her claims from dismissal. Therefore, rather than recommending dismissal of this case, the court provides Ms. Coulter with the opportunity to amend her complaint to comply with minimum pleading standards.

## II. Ms. Coulter's Complaint Fails to Demonstrate That Venue Is Proper in This Court.

This court is not the proper venue for Ms. Coulter's case. Given that Ms. Coulter is proceeding under the IFP Statute, the court may consider *sua sponte* whether her complaint should be dismissed based upon the defense of improper venue.[28] However, "the district court may consider . . . venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[29] As shown below, the defense of improper venue is obvious from the face of Ms. Coulter's complaint.

Venue for this case is governed by 28 U.S.C. § 1391(b), which includes three different provisions for proper venue.[30] Ms. Coulter's complaint fails to demonstrate that venue is proper in this court under any of those provisions. First, § 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Because Ms. Coulter alleges that Defendants all reside in Oklahoma, her complaint fails to establish that venue is proper in this court under § 1391(b)(1).

---

[28] *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006).

[29] *Id*. at 1217 (citation modified).

[30] 28 U.S.C. § 1391(b)(1)-(3).

Second, § 1391(b)(2) provides that venue is proper in any district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." All the events described in Ms. Coulter's complaint took place in Oklahoma. Thus, her complaint fails to demonstrate that venue lies properly in this court under § 1391(b)(2).

Finally, § 1391(b)(3) provides that "if there is no district in which an action may otherwise be brought as provided in" § 1391(b), a civil action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." That section is inapplicable because there is a district in which Ms. Coulter's case could be brought—namely, a district in Oklahoma.

Because Ms. Coulter's complaint fails to show that venue is proper in this court, the court could consider recommending dismissal or transfer of this case under 28 U.S.C. § 1406(a).[31] In making that determination, the court must explicitly consider whether transfer serves the interests of justice and, if the court chooses to dismiss, provide reasons for doing so.[32] The factors the court considers in making that determination are whether: (A) the claims alleged are likely to have merit; (B) the claims were filed in good faith or, on the other hand, it was clear at the time of filing that venue was improper; and (C) a new action would be time-barred if refiled in the proper forum.[33] If the court chooses to dismiss a case for improper venue under the IFP

---

[31] 28 U.S.C § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

[32] *Trujillo*, 465 F.3d at 1222-23 & n.16; *see also Faulkenburg v. Weir*, 350 F. App'x 208, 209-10 (10th Cir. 2009).

[33] *Faulkenburg,* 350 F. App'x at 210 (citing *Trujillo,* 456 F.3d at 1223 n.16).

Statute, the court may do so "only if it is clear that the plaintiff can allege no set of facts to support . . . venue."[34]

Given that all Defendants reside in Oklahoma and that the events underlying Ms. Coulter's claims took place in Oklahoma, venue in this court is clearly improper. In light of the paucity of factual allegations in Ms. Coulter's complaint, however, the court is not sure whether Ms. Coulter's claims have merit or if they would be time-barred if brought in the proper venue. That provides yet another basis for the court to provide Ms. Coulter with an opportunity to amend her complaint to cure the pleading deficiencies outlined above so that the court is able to conduct the proper analysis to determine whether to recommend dismissal or transfer of this case under 28 U.S.C. § 1406(a).

## III.    The Court Provides Ms. Coulter With an Opportunity to Amend Her Complaint.

Consistent with the analysis above, the court provides Ms. Coulter with leave to file an amended complaint to remedy the pleading deficiencies in her complaint. Ms. Coulter must file her amended complaint on or before June 16, 2026. Failure to do so will result in the court recommending dismissal of this case.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1.      Ms. Coulter's motion to proceed in forma pauperis[35] is TEMPORARILY GRANTED.

---

[34] *Trujillo,* 465 F. 3d at 1217 (citation modified).

[35] ECF No. 2.

8

2.     On or before June 16, 2026, Ms. Coulter must file an amended complaint that cures the pleading deficiencies outlined above.

3.     Ms. Coulter's failure to file an amended complaint by that deadline will result in the court recommending dismissal of this case.

4.     If Ms. Coulter files an amended complaint, the court will review the sufficiency of the amended complaint under the IFP Statute and DUCivR 3-2(b).

5.     Although Ms. Coulter is permitted to file an amended complaint, the restriction on filing motions or other documents set forth in the court's prior order[36] remains in place.

SO ORDERED this 19th day of May 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[36] ECF No. 5.

9